Approved, SCAO

SERVE

| Original - Court | 2nd copy - Plaintiff |
| 1st copy - Defendant | 3rd copy - Return |

**STATE OF MICHIGAN**
74th JUDICIAL DISTRICT
JUDICIAL CIRCUIT
COUNTY PROBATE

**SUMMONS AND COMPLAINT**

CASE NO.
14-8027-GC-DK

Court address: 1230 Washington Avenue, Bay City, MI 48708

Court telephone no.: (989) 895-4203

| Plaintiff name(s), address(es), and telephone no(s). | | Defendant name(s), address(es), and telephone no(s). |
|---|---|---|
| Emily Shaw<br>c/o Michigan Consumer Credit Lawyers<br>22142 W. Nine Mile Rd.<br>Southfield, MI 48033 | v | Equifax Information Services<br>RA: CSCX-Lawyers Incorporating Service<br>601 Abbot Road<br>East Lansing, MI 48823 |

Plaintiff attorney, bar no., address, and telephone no.
Gary D. Nitzkin (P41155)
Travis L. Shackelford (P68710)
22142 W. Nine Mile Rd.
Southfield, MI, 48033
(248) 353-2882

**SUMMONS**  NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). MCR 2.111(C)
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

Issued: 9/15/14
This summons expires: 12/12/14
Court clerk: [signature]

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT**  Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Essexville, MI | East Lansing, MI |

Place where action arose or business conducted: Essexville, MI

Date: 9-10-14

Signature of attorney/plaintiff: [signature]

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/06) **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

STATE OF MICHIGAN
IN THE 74TH DISTRICT COURT

EMILY SHAW,
    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
a Georgia corporation, and
CONSUMERS CREDIT UNION,
a Michigan corporation,
    Defendants.
_____/

## COMPLAINT AND JURY DEMAND

NOW COMES THE PLAINTIFF, EMILY SHAW, THROUGH COUNSEL, NITZKIN AND ASSOCIATES, BY GARY D. NITZKIN, and for her Complaint against the Defendants, plead as follows:

## VENUE

1. The transactions and occurrences which give rise to this action occurred in the City of Essexville, Bay County, Michigan.

2. Venue is proper in the 74th District Court in Bay County, Michigan as the actions and occurrences recited herein occurred in Essexville, Michigan.

3. The amount in controversy is less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## PARTIES

4. The Defendants to this lawsuit are:

1

    a. Equifax Information Services, LLC ("Equifax") which is a Georgia company that maintains a registered agent in Ingham County, Michigan; and

    b. Consumers Credit Union ("Consumers") which is a company that maintains offices in Kalamazoo, Michigan.

## GENERAL ALLEGATIONS

5. In this case, Equifax is misreporting a Consumers Credit Union trade line with account number 5407361200001XXXX ("Errant Trade Line") as having a balance of $5,820.00.

6. On or about May 6, 2013, Ms. Shaw settled the alleged debt, which is the subject of the Errant Trade Line, with Consumers Credit Union in the amount of $5,820.00.

7. In 2013, Ms. Shaw noticed that the Errant Trade Line was being reported on her Equifax credit report with a balance.

8. On or about September 27, 2013, Ms. Shaw submitted an online dispute to Equifax regarding the balance on the Errant Trade Line.

9. On or about April 5, 2014, Ms. Shaw obtained her Equifax credit report and noticed that the Errant Trade line was still being misreported as having a balance of $5,283.00.

10. On or about April 16, 2014, Ms. Shaw, through Michigan Consumer Credit Lawyers, sent Equifax a dispute letter regarding the balance on the Errant Trade Line.

11. Upon information and belief, Equifax transmitted Ms. Shaw's consumer dispute to Consumers.

12. On or about June 10, 2014, Ms. Shaw pulled another Equifax credit report and noticed that the balance was still being reported on the Errant Trade Line. Therefore, Ms. Shaw submitted an online dispute with Equifax this same day.

13. On or about September 2, 2014, Ms. Shaw obtained her Equifax credit report which showed that the Errant Trade Line was continuing to be reported with a balance of $5,283.00 and that it was charged off in the amount of $5,283.00.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CONSUMERS

14. Plaintiff realleges the above paragraphs as if recited verbatim.

15. After being informed by Equifax of Ms. Shaw's consumer dispute to the Errant Trade Line, Consumers negligently failed to conduct a proper reinvestigation of Ms. Shaw's dispute as required by 15 USC 1681s-2(b).

16. Consumers negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to remove the balance on the Errant Trade Line.

17. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Shaw's consumer credit file with Equifax to which it is reporting such trade line.

18. As a direct and proximate cause of Consumers' negligent failure to perform its duties under the FCRA, Ms. Shaw has suffered damages, mental anguish, suffering, humiliation and embarrassment.

3

19. Consumers is liable to Ms. Shaw by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

20. Ms. Shaw has a private right of action to assert claims against Consumers arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Consumers for damages, costs, interest and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CONSUMERS

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by Equifax that Ms. Shaw disputed the accuracy of the information it was providing, Consumers willfully failed to conduct a proper reinvestigation of Ms. Shaw's dispute.

23. Consumers willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

24. As a direct and proximate cause of Consumers' willful failure to perform its respective duties under the FCRA, Ms. Shaw has suffered damages, mental anguish, suffering, humiliation and embarrassment.

25. Consumers is liable to Ms. Shaw for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by

the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Consumers for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX.

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Shaw as that term is defined in 15 USC 1681a.

28. Such reports contained information about Ms. Shaw that was false, misleading and inaccurate.

29. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Shaw, in violation of 15 USC 1681e(b).

30. After receiving Ms. Shaw's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

31. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Shaw has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

32. Equifax is liable to Ms. Shaw by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for actual damages, costs, interest and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX.

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Shaw as that term is defined in 15 USC 1681a.

35. Such reports contained information about Ms. Shaw that was false, misleading and inaccurate.

36. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Shaw, in violation of 15 USC 1681e(b).

37. After receiving Ms. Shaw's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

38. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Shaw has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

39. Equifax is liable to Ms. Shaw by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted.

September 9, 2014

_/s/ Gary D. Nitzkin_
GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD P68710
NITZKIN & ASSOCIATES
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gnitzkin@creditor-law.com

7